United States District Court,
Western District of Washington

Lance P. McDermott,
      Plaintiff,

vs.

John P. Potter, Postmaster General, United States Postal Service, *Et Al*,

      Defendants.

) Case No.:  C09-1008-RAJ
) Judge Richard A. Jones
) Plaintiff's Response to Defendant's Motion To dismiss, FRCP 12(b)(6)
) Noted for Consideration on 30 October 2009
)

The Defendant's Motion to Dismiss does not address the Complaint's Whistleblower Protection Act of 1989 retaliation allegations.  I ask the Court to allow non-EEO claims to go forward if it decides in the Defendant's favor to dismiss the EEO claims, Gomez-Perez v. Potter (06-1321).

### I. Introduction

The Court's Decision of the Motion for Reconsideration, CV08-1846-JCC, stated that the case was dismissed without prejudice so that I may re-file the complaint which I did so shortly after receiving the Judge's decision.  Since the Court has already stated that I could re-file without prejudice that decision in my opinion would mean without prejudice to time.

With this response I will try to address the Defendant's verbose counter claims that the EEO complaints were not filed on time.

1. MTD page 2, line 6, - "First, the Plaintiff did not file a defective pleading during the statutory period."  I obviously



09-CV-01008-BCST

1  filed a defective complaint on time.

2      2.  MTD page 2, line 7, - "Second, he did not pursue his
3  claims with due diligence to justify equitable tolling."  I have
4  pursued with due diligence the claims since filing the first EEO
5  complaint over 3 years ago and following it through the defective
6  Agency EEO administrative process to now.

7      3.  MTD page 2, line 8, - "Third, there is no evidence of
8  wrongdoing on the part of the Postal Service that contributed to
9  Plaintiff's failure to timely file this action."  The Defendant
10 directly contributed to this filing of the "exact same complaint"
11 (MTD page 4, line 2) by not responding to the complaint
12 previously filed.

13     4.  MTD page 2, line 9, - "And finally, equitable tolling
14 under the circumstances in Plaintiff's case is inconsistent with
15 the text of Title VII."  The Defendant does not identify the
16 "text of Title VII" it is referring to.

17                             **II. Facts**

18     The Defendant is misstating and leaving out several facts in
19 the Motion for Dismissal (see Proposed Findings of Uncontroverted
20 Fact).  A Major fact deleted in the Defendant's regurgitation is
21 in the Complaint page 12, line 3-6, that I received a Decision
22 and Notice of Right to Sue from the EEO Commission Office of
23 Federal Operations for appeal of #1E-981-0044-08 dated 10
24 November 2008 (Complaint exhibit 80).  "The Commission finds that
25 the agency has <u>mischaracterized complaint's claim.</u>"  Again the

1 Defendant is mischaracterizing my complaint.  I also signed two
2 180 day extensions for the Postal Service to complete its EEO
3 investigations.

### III. Standard of Review

5 The Defendant sets forth standards for reviewing the whole
6 claim that do not apply to this Motion to Dismiss.

7 The Court should first review if I was late in filing the EEO
8 complaints.  If the Court determines that I was late it should
9 find that I had a good reason for being late.

### IV. Argument

11 A. **Time** - I did file a claim within ninety days of receiving
12 a final decision(s) from the EEOC.  The Court found the claim to
13 be defective.

14 B. **Tolling** - I was induced and/or tricked by the Agency
15 Legal Representative's refusal to serve me a Notice of Appearance
16 for the previously filed EEO claim CV08-1846-JCC.  For the
17 Complaints footnoted on the MTD page 1, CV05-00860-RSL and CV06-
18 1335-MJP, I sent summons and a copy of the complaint to the
19 Individual Defendants and **copies** of the summons and complaint to
20 the Attorney General, Postmaster General and the District
21 Attorney that the Agency's Legal Representative served me a
22 Notice of Appearance for these claims (exhibit 1).  I served the
23 same way in CV08-1846-JCC.  I tired with due diligence with a
24 Pleading of Special Matter, (exhibit 2) to seek the Court's
25 opinion (also left out of the regurgitated MTD facts).  The

1  Agency's Legal Representative could have served me a Notice of
2  Appearance but did not.  The Agency's Legal Representative has
3  not served me with a Notice of Appearance or Attorney of Record
4  (FRCP 040(b)) for this Complaint.
5      The moving party also failed to ensure that that I received a
6  copy of the Motion on or before the filing date, CR 007(d)(2)(G)
7  (exhibit 3).
8      MTD page 7, line 13, **Attorney** – "Despite this clear <u>warning</u>
9  from the Postal Service... the Postal Service gave Plaintiff a
10 clear <u>warning</u> ... failed to heed the Postal Service's <u>warning</u>."
11     Complaint page 53, Deposition (Complaint exhibit 12) Page 19
12 **Attorney** – "... I can guarantee you that I'm going to be making a
13 motion for <u>you to pay</u> the cost of me returning here, including
14 airfare, lodging, and whatever other reasonable and necessary
15 costs for <u>you improperly</u> trying to terminate the deposition... I
16 don't have to give you 20 days notice..."  Page 20 – "Q.  I haven't
17 <u>threatened you</u> with anything other than to call the judge..."
18 "There is a difference between a threat and a promise.  I'm just
19 <u>warning you</u> on the record."  Complaint page 54 – Deposition Page
20 28 – "I have an independent right today... That not harassment,
21 and that's something for the record.  We'll let the judge decide
22 when the judge reads my <u>motion to dismiss and for sanctions</u>"
23 Page 33 – "I'm entitled to any document..."  Page 43 – "I'm not
24 trying to discover anything."  Page 48 – "All I can do is tell
25 you – it's not a threat..."  Page 56 – "... I've got a right to ask

him questions … We're entitled to ask the same questions…" Page 70 – "Yes, you do have to answer hypothetical questions."

Complaint page 54, Deposition (Complaint exhibit 12) Page 62 **Administrative Judge** – "You might consider still looking for legal help in your case, Mr. McDermott…"

1. I have been warned, threaten, and disciplined by Officials of the U.S. Postal Service.

2. I have been warned, threatened and dragged into a Bad Faith Deposition (FRCP 30(d)(4)) by the U.S. Postal Service's contracted Legal Representative in an administrative court.

3. I have been warned by an EEOC Administrative Judge who issued a decision one year later even after I was barred from any discovery and *ex parte* communications that violated Due Process.

I give little weight to warnings and threats from entities and individuals who have lied to me and I seek the opinion of an unbiased and fair Judge.

I ask the Court to find that I did file the EEO claims within the time limits. If not ruling in my favor I ask the Court to find that I had a good excusable reason in filing late.

Dated this 5th day of October 2009,

Lance McDermott
1819 So 104 St
Seattle, WA  98168
206 763-6268