THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LANCE MCDERMOTT,

        Plaintiff,

  v.

JOHN P. POTTER, et al.,

        Defendants.

NO. 09-1008RAJ

ORDER

## I.    INTRODUCTION

This matter comes before the court on the Defendants' motion to dismiss (Dkt. # 7). No party requested oral argument, and the court finds the motion suitable for disposition on the basis of the parties' briefing and supporting evidence. For the reasons explained below, the court GRANTS the Defendants' motion (Dkt. # 7).

## II.    BACKGROUND

Plaintiff Lance McDermott is employed by the United States Postal Service ("USPS"), and in this lawsuit seeks damages for alleged employment discrimination. In 2006, Mr. McDermott filed complaints with the Equal Employment Opportunity Commission ("EEOC") alleging age and sex discrimination, and those complaints were consolidated into one EEOC action. Mr. McDermott filed a notice of intent to

ORDER - 1

sue with regard to that EEOC action on January 8, 2007, and on October 2, 2008, Mr. McDermott received a right-to-sue letter from the EEOC.

Mr. McDermott also filed an EEOC complaint on May 3, 2007, alleging age discrimination and retaliation, which was consolidated with his March 28, 2008 EEOC complaint alleging sex discrimination and retaliation. Mr. Dermott received a right-to-sue letter from the EEOC with regard to that consolidated action on November 10, 2008.

Mr. McDermott filed a lawsuit in this judicial district on December 29, 2008, to redress the injuries described in his EEOC complaints. *See McDermott v. Potter*, Case No. CV08-1846-JCC (W.D. Wash.). On March 12, 2009, Mr. McDermott filed a motion for default judgment. On March 23, 2009, USPS filed a motion to dismiss for lack of service. Mr. McDermott filed a motion for sanctions against the USPS. On May 29, 2009, the court granted the motion to dismiss without prejudice. Mr. McDermott moved for reconsideration, requesting that the court permit him additional time to effectuate service. The court denied Mr. McDermott's motion and specifically denied his request for additional time to effectuate service, due to Mr. McDermott's filing a frivolous sanctions motion, but specifically noted that a dismissal without prejudice would allow him to "re-file the action and follow the proper rules for service and establishing personal jurisdiction." Order (Case No. CV08-1846-JCC, Dkt. # 22) at 2.

Mr. McDermott did not appeal that dismissal, but instead filed the same complaint to institute this action on July 16, 2009. The Defendants — who include USPS, USPS government officials, the United States Attorney General, and the United

ORDER - 2

States Attorney for this judicial district — have moved to dismiss this action as time-barred.

### III.   ANALYSIS

**A.   Legal Standards.**

To withstand a motion to dismiss for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  All factual allegations are considered true and viewed in the light most favorable to the nonmoving party.  *See Associated Gen. Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998).  If a plaintiff fails to allege a cognizable legal theory or sufficient facts to support a cognizable legal theory, the court may dismiss the action for failure to state a claim. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**B.   Plaintiff has Failed to Allege a Cognizable Legal Theory as to Any of his Claims.**

    **1.   Plaintiff's Title VII Claims are Time-Barred.**

An employee must file a Title VII employment discrimination claim in district court within ninety days of receiving a right-to-sue letter from the EEOC.  42 U.S.C. § 2000e-16(c).  If the employee misses this deadline, a court action is time-barred.  *See Nelmisda v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997).  Courts apply equitable tolling to this statute of limitations "sparingly," not typically in situations where a missed deadline is "'due to claimant's failure "to exercise due diligence in preserving his legal rights."'" *Id.*, 112 F.3d at 384 (quoting *Scholar v. Pacific Bell*, 963 F.2d 264, 267 (9th Cir. 1992) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).  Equitable tolling is appropriate where a claimant files a timely but

ORDER - 3

defective pleading, where a claimant has been induced or tricked into missing the deadline, or where the defendant's wrongdoing contributes to the claimant's failure to timely file. *See Irwin*, 498 U.S. at 457-58; *O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1066 (9th Cir. 2006). But where a claimant's untimeliness is based on his or her own lack of diligence, a court should not apply equitable tolling, even if the claimant is proceeding *pro se*. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984).

It is undisputed that Mr. McDermott did not file this lawsuit within ninety days of receiving his right-to-sue letter from the EEOC. He filed this lawsuit on July 16, 2009, even though his statutory periods ran on December 21, 2008, and February 9, 2009, for his Title VII claims. That his previous lawsuit (CV08-1846-JCC) was timely filed and dismissed without prejudice is irrelevant, because that lawsuit was dismissed due to Mr. McDermott's failure to effectuate service despite warning. Mr. McDermott had ample opportunity to correct defective service in the previous timely case, but did not do so and instead filed this untimely lawsuit. Because Mr. McDermott's untimeliness stems from his own lack of diligence, there is no equitable reason to toll the statute of limitations. *See*, *e.g.*, *Baldwin County Welcome Ctr.*, 466 U.S. at 151 ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.")

Furthermore, to whatever extent Mr. McDermott believes that this second lawsuit "relates back" to the complaint he filed in the first lawsuit, he is mistaken. This lawsuit constitutes an entirely separate action. *See* Fed. R. Civ. P. 15(c)(2); *see also O'Donnell*, 466 F.3d at 1111 ("[Plaintiff's] second complaint does not 'relate

ORDER - 4

back' to her first complaint because her second complaint was a separate filing.") Thus, because Mr. McDermott's complaint in this lawsuit was filed after the ninety-day period had passed, his Title VII claims fail as a matter of law.

### 2. Plaintiff's ADEA Claims are Time-Barred.

Mr. McDermott requests that even if his EEOC claims are found to be time-barred, the court permit his Age Discrimination and Employment Act ("ADEA") claims to go forward. *See* Complaint at 132. But Mr. McDermott's ADEA claims are also subject to a ninety-day filing requirement, see 29 U.S.C. § 626(e), so they are time-barred for the same reasons described in the previous section. For the same reasons as described in the previous section, the court will not toll the statute of limitations on Mr. McDermott's ADEA claims because there is no equitable reason to do so.

### 3. Plaintiff's Whistleblower Protection Act Claims Fail as a Matter of Law.

In his Opposition, Mr. McDermott contends that the Defendants' motion to dismiss fails to address his retaliation allegations under the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 1221. The Defendants' Reply argues that Mr. McDermott's complaint did not clearly describe retaliation claims under the WPA, but that to whatever extent he is attempting to raise such claims, they fail as a matter of law because USPS employees cannot bring an independent action under the WPA. *See Booker v. Merit Sys. Protection Bd.*, 982 F.2d 517, 519 (Fed. Cir. 1992); *Dumaguit v. Potter*, 2008 WL 413733 *15 (N.D. Cal. Feb. 13, 2008). Because the WPA does not apply, Mr. McDermott's WPA claims fail as a matter of law.

ORDER - 5

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motion (Dkt. # 7).

DATED this 10th day of May, 2010.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge